# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant*. | Case No. 19-cv-2562 |

## COMPLAINT

1.   Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.   Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.   Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), the Office of the Associate Attorney General (OASG), the Office of Legislative Affairs (OLA), the Office of Public Affairs (PAO), and the Office of Legal Policy (OLP). The Executive Office for the United States Attorneys (EOUSA) is a component of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## **STATEMENT OF FACTS**

7. In November 2017, then-U.S. Attorney General Jeff Sessions assigned the U.S. Attorney for the District of Utah, John Huber, to evaluate certain matters raised in letters from members of Congress.

*Main Justice-Huber Communications FOIA*

8. On December 18, 2018, American Oversight submitted a FOIA request to OIP seeking access to the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) any of the following officials in the Office of the Attorney General or the Office of the Deputy Attorney General: Jeff Sessions, Matthew Whitaker, Rod Rosenstein, Robert Hur, and/or Edward O'Callaghan, and (2) U.S. Attorney for the District of Utah John Huber.

9. American Oversight requested all responsive records from July 27, 2017, through the date the search is conducted.

10. OIP assigned the Main Justice-Huber Communications FOIA tracking number DOJ-2019-001520.

*Main Justice-Huber Meetings FOIA*

11. On December 18, 2018, American Oversight submitted a FOIA request to OIP seeking access to the following records:

> Records reflecting all meetings, discussions, or teleconferences attended by (1) U.S. Attorney for the District of Utah John Huber and (2) any of the following officials in the Office of the Attorney General or the Office of the Deputy Attorney General: Jeff Sessions,

       Matthew Whitaker, Rod Rosenstein, Robert Hur, and/or Edward O'Callaghan.

12. American Oversight requested all responsive records from July 27, 2017, through the date the search is conducted.

13. OIP assigned the Main Justice-Huber Meetings FOIA tracking number DOJ-2019-001519.

*Main Justice-Meadows Communications FOIA*

14. On December 18, 2018, American Oversight submitted a FOIA request to OIP seeking access to the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) the Office of the Attorney General, the Office of the Deputy Attorney General, or the Office of Legislative Affairs and (2) Chairman Mark Meadows, House Oversight and Government Reform Committee, Sub-Committee on Government Operations, any Sub-Committee staff member, or any other representative of Chairman Meadows regarding any request that U.S. Attorney John Huber testify before the Sub-Committee, regarding any request for information about Mr. Huber's evaluation or investigation of matters outside his ordinary remit and assigned to him by former Attorney General Jeff Sessions, or regarding any negotiations following any request for testimony or information.

15. American Oversight requested all responsive records from November 1, 2018, through the date the search is conducted.

16. OIP assigned the Main Justice-Meadows Communications FOIA tracking number DOJ-2019-001521.

4

*Huber-Meadows Communications FOIA*

17. On December 18, 2018, American Oversight submitted a FOIA request to EOUSA seeking access to the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) the U.S. Attorney's Office for the District of Utah, and (2) Chairman Mark Meadows, House Oversight and Government Reform Committee, Sub-Committee on Government Operations, any Sub-Committee staff member, or any other representative of Chairman Meadows regarding any request that U.S. Attorney John Huber testify before the Sub-Committee, regarding any request for information about Mr. Huber's evaluation or investigation of matters outside his ordinary remit and assigned to him by former Attorney General Jeff Sessions, or regarding any negotiations following any request for testimony or information.

18. American Oversight requested all responsive records from November 1, 2018, through the date the search is conducted.

19. EOUSA assigned the Huber-Meadows Communications FOIA tracking number EOUSA-2019-001198.

20. EOUSA issued a final determination dated February 25, 2019.

21. American Oversight submitted a timely appeal on April 8, 2019, as to the adequacy of the agency's search and the administrative determination.

22. American Oversight's appeal was assigned tracking number DOJ-AP-2019-003716.

*Huber-Congressional Communications FOIA*

23.　On February 7, 2019, American Oversight submitted a FOIA request to EOUSA seeking access to the following records:

> All email communications (including emails, email attachments, and calendar invitations) between (1) U.S. Attorney for the District of Utah, John Huber, and (2) any member of Congress or congressional staff member (including with all email addresses ending in mail.house.gov or senate.gov).

24.　American Oversight requested all responsive records from November 8, 2016, through the date the search is conducted.

25.　EOUSA assigned the Huber-Congressional Communications FOIA tracking number EOUSA-2019-001527.

*Exhaustion of Administrative Remedies*

26.　As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27.　Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

28.　American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of DOJ.

30. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

31. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

32. DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

33. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of DOJ.

36. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

37. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

38. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

39. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

40. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

<table>
<tr><td>Dated:  August 26, 2019</td><td>Respectfully submitted,<br><br>/s/ Cerissa Cafasso<br>Cerissa Cafasso<br>D.C. Bar No. 1011003<br><br>/s/ Daniel A. McGrath<br>Daniel A. McGrath<br>D.C. Bar No. 1531723<br><br>AMERICAN OVERSIGHT<br>1030 15th Street NW, B255<br>Washington, DC 20005<br>(202) 869-5244<br>cerissa.cafasso@americanoversight.org<br>daniel.mcgrath@americanoversight.org<br><br>*Counsel for Plaintiff*</td></tr>
</table>